RICHARD ROE, casual ejector, and AARON DODD, tenant in possession, defendant below, plaintiff in error, *v.* JOHN DOE, lessee of PETER P. DODD, plaintiff below, defendant in error.

A general devise in the introductory clause of a will, indicating a purpose on the part of the testator to dispose of all his estate by the will, cannot enlarge a subsequent and particular devise of land without words of limitation, to a fee.

WRIT of error to the Superior Court in and for Sussex county. The case below was an action of ejectment brought by Peter P. Dodd against Aaron Dodd, to recover certain lands and tenements in Broadkiln hundred, devised by Aaron Dodd, deceased, to his son Absalom Dodd, without any words of limitation, but which the latter, who was also now deceased, had devised by his last will and testament to his son Aaron Dodd, the defendant. Peter P. Dodd, the plaintiff, claimed a portion of the premises in question in his own right, as one of the heirs at law of Aaron Dodd, deceased, and by virtue of sundry deeds of bargain and sale for their several shares and interest in the same from other heirs at law of the said deceased. On the trial of the case below, a special verdict was taken, subject to the opinion of the court on questions of law reserved to be heard before all the judges in this court.

The question reserved was, whether general worc in the introductory clause of a will, such as " touching all my worldly things," " I give and dispose of as follo ws," &c., which occurred in the will in question, will have the effect to enlarge a subsequent devise of lands without words of limitation, to an estate in fee simple.

For the defendant in error, it was argued that general words, such as " touching all my worldly estate, or " worldly interests," or " worldly things," as in this case contained in the introductory clause of a will, cannot have the effect to enlarge a subsequent and specific devise of lands without words of limitation to a fee. For which was cited, 3 *Cruise's Dig. by Greenl. title* 38, *Chap.* 9, *Sec.* 7, *note* 2, 5 *T. R.* 13. 3 *Wils.* 414. 6 *T. R.* 610. 2 *Pick.* 362. 1 *Cowp.* 235, 352. *Doug.* 759. 3 *Harr. and Johns.* 201. 6 *Harr. and Johns.* 205. 3 *Cranch* 131. 2 *Cowp.* 657. 8 *T. R.* 497. 11 *East* 220. 5 *Barn. and Adolp.* 122.

For the plaintiff in error, it was contented that the intention of the testator was to prevail in the construction of the will and as the devise in question, though without words of limitation, was a devise over after a devise of the premises to the widow of the testator for life by implication, to his sons Absalom and Azael Dodd, to be equally divided between them, his intention could not be carried into effect without construing the estate devised to them to be a fee ; and when taken in connection with the preceding words in the introductory clause in the will, " touching all my worldly things," which included lands as well as goods, and which manifested an intention to dispose of the whole of his estate, it was evident that such was the design of the testator. Where lands were devised to one for life, and after his death to another without words of limitation, it could not be doubted that the latter devise would be in fee simple. 2 *Jarm. on Wills*, 189. And a general devise would be construed to convey a fee, to effect the intention of the testator. *Cordrey v. Adams and wife*, 1 *Harr.* 439. The counsel then adverted

to the fact tha the deeds to the plaintiff below, were from parties out of possession at the time of executing them, and expressed a desire to discuss that point, if the court had any inclination to hear it, but the *Court* said that the point was so well settled in this State, that it was not necessary that a party should be in actual possession of lands to execute a valid conveyance of them, provided his title was good in all other respects, that they had no disposition to hear an argument either for or against it.

*Wootten, J.* announced the opinion of the court, affirming the right of the plaintiff below to recover in the action. The devise was of real estate without words of limitation, to be equally divided between Absalom and Azael Dodd, sons of the testator, and the general words in the introductory clause of the will, " touching the worldly things which it had pleased God to bless him with," &c., had been relied upon to enlarge the devise to a fee, and the case of *Cordrey v. Adams and wife,* 1 *Harr.* 439, had been cited in support of such a construction. But the present was distinguishable from that case, inasmuch as the will of Cordrey in the case referred to, contained bequests on devises to the other heirs, with the express direction that they were to have no more of his estate, and on which the court rested their decision mainly, if not entirely; for they expressly recognized and affirmed the general principle contended for in this case by the counsel for the plaintiff below, that the introductory clause in a will, such as we have in the present instance, though important in the consideration of the whole will, is not of itself sufficient to enlarge a general devise, that is, a devise of land without words of limitation, to a fee; although they add in that particular case, that it might be taken in connection with the other parts of the will to show the meaning which the testator attached to his devise to William and the extent to which he designed him to be benefited by it, accompanied as it was with

a preceding bequest to his daughter Unice, the wife of Adams, who were the plaintiffs in the action, with the express provision that she was to have "no more" of his estate. But *Cordrey v. Adams and wife* has never been considered an authority beyond the special circumstances and ruling of the court in that case.

*C. S. Layton*, for plaintiff in error.

*W. Saulsbury*, for defendant in error.